## ULMER *vs.* REED *&* al.

Where a promissory note given by A to B, payable on demand, was also signed by C, with the following words at the end of his name, " *Surety ninety days from date,*" — they were holden to constitute a guaranty that the principal should remain of sufficient ability to pay the note for that period; and that the liability of C could not be extended beyond the ninety days.

THIS was an action of *assumpsit* on the following note, viz :
" *Thomaston, April* 10*th,* 1832. For value received, I promise
" to pay *Jacob Ulmer* or order four hundred and fifty dollars on
" demand with interest.

" *Haywood Reed,*
" *Iddo Kimball,* $\begin{cases} Surety~90 \\ days~from~date. \end{cases}$"

It was proved that *Reed* continued solvent and in possession of property sufficient to pay the note, which might have been attached, until the 17*th* of *July,* 1832, when he failed in business, and on the 20*th,* left the country.

It was also proved that the plaintiff, after the failure of *Reed,* said that he had lost his debt, because *Kimball* was not holden on the note after the ninety days.

A nonsuit was entered by consent which was to be taken off, if in the opinion of the Court the action was maintainable, otherwise judgment was to be rendered thereon.

*Allen,* for the plaintiff.

The note constitutes but *one* contract — the plaintiff of one part, and both defendants of the other part. The promise is joint and several. *Hunt* v. *Adams,* 5 *Mass.* 361 ; *Hunt* v. *Adams,* 6 *Mass.* 519 ; *Hemmenway* v. *Stone,* 7 *Mass.* 58 ; *Moies* v. *Bird,* 11 *Mass.* 436.

This note is either payable on demand, and in that case *Kimball's* liability commences from the date of the note — or it is payable in 90 days, in which case *Kimball* is surety that the note shall be paid at that time.

It is payable on demand. *Kimball* was surety that it should be paid on demand. This was the promise, and it was broken as soon as the note was over due — the day after it was made.

*Spring* v. *Lovett*, 11 *Pick*. 418. A cause of action then accrued — *Kimball's* liability was *fixed* — and the plaintiff might sue, or omit to sue, for six or for twenty years — delay waives no right. *Brigham* v. *Hunt*, 2 *Mass*. 581 ; *Cobb* v. *Little*, 2 *Greenl*. 261.

It may be said that *Kimball* agreed to be surety for 90 *days and no longer*. But surety for what ? Not that *Reed* should not fail in business and become insolvent, but for the punctual *payment of the money*.

The circumstance that *Reed* had property which could have been attached, is of no importance. It would not be, even in a case of a *guarantor*, unless it was for a preexisting debt. *Read* v. *Cutts*, 7 *Greenl*. 186 ; *Oxford Bank* v. *Haines*, 8 *Pick*. 423.

If the note is to be construed as payable in 90 days, then the obligation should be construed to be, to take it up at the end of that time. For by the *same words* to extend the promise of the principal beyond 90 days, and to limit the term for which the surety should be liable, within that time, would be a construction as unnecessary as it would be unjust.

*Heywood* v. *Perrin*, 10 *Pick*. 228 ; *Cobb* v. *Little*, 2 *Greenl*. 261.

*E. Smith*, counsel for the defendants, was stopped by the Court.

MELLEN C. J. delivered the opinion of the Court.

The note in question has been properly considered by the plaintiff's counsel as the joint and several note of the defendants, and payable on demand. The question then is, what construction is to be given to the words " surety 90 days from date," written opposite to the name of *Kimball*. From their position, they evidently indicate some qualification or condition applicable to *him only* ; as the word surety could not in any manner apply to *Reed* the principal debtor. They were intended for some purpose and are not to be disregarded. We are of opinion that the only sensible construction which can be given to them is, that *Kimball* was intended to be held responsible as surety for *ninety days* and *no longer* ; and that this limitation was to be a bar to any action against him after the expiration of the above term,

though during that term he was surety for the ability of *Reed* to pay the amount of the note. Now it appears that he did continue solvent and in possession of property sufficient to pay it for more than a week after the end of the ninety days. This is the construction given to the memorandum by the plaintiff himself. The counsel for the plaintiff says the words are ambiguous ; if so, the declarations made as to their meaning and design, were proper evidence, as the confessions of the plaintiff, who must have known for what purpose they were inserted. On this principle, *Kimball* is not chargeable ; and as the action is brought against both the defendants *jointly*, it cannot be maintained without proof of a *joint promise* binding on both; and *such* a promise is not proved. We do not perceive that the case would in any degree be changed if *Kimball* was privy to the affairs of *Reed* and to the measures adopted by *Ulmer* for the purpose of securing the debt out of *Reed's* property, as he was legally discharged before that time, a friendly act on his part would not involve him in any liabilities. The nonsuit is confirmed, and there must be

*Judgment for defendants.*