Bean *v.* Arnold.

## JONATHAN G. BEAN *vs.* WILLIAM ARNOLD.

Where W. A., the payee of a negotiable note then payable, indorsed it thus,
" W. A. *Holden, Aug.* 11, 1836," he was held liable without demand or
notice.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

The declaration contained but one count, for money had and received.    The plaintiff introduced a note from a third person to the defendant, or order, dated *March* 31, 1836, payable in sixty days from date, with the following indorsement on the back thereof in the handwriting of the defendant.  " *William Arnold, Holden August* 11, 1836."

The Judge instructed the jury, that if they should find the indorsement was genuine, it was their duty to inquire and find whether the word " Holden," used as above by the defendant, was a waiver of demand and notice, and if so, they would return a verdict for the plaintiff.   There was no evidence offered of demand and notice.   The jury found for the defendant, and the plaintiff filed exceptions.

*McDonald*, for the plaintiff, argued, that it was erroneous in the Judge to leave the legal effect of the words to be decided by the jury ; and that they decided the question wrongly.   The note being due when the indorsement was made, the defendant waived the useless form of making a demand and giving notice.   *Hunt v. Adams, 6 Mass. R.* 519; *Cobb* v. *Little,* 2 *Greenl.* 261 ; *Bayley on Bills,* 291 ; 3 *T. R.* 80; 1 *Yeates,* 360; 6 *Har. & Johns.* 256.

*G. G. Cushman,* for the defendant, said, that if the verdict was right upon the facts, it was immaterial whether the Court or jury decided the law.   But it was rightly left to the jury to determine what meaning was usually given to the word, when used in that manner.   The defendant was to be holden only on a compliance by the plaintiff of what the law requires of him, making a seasonable demand, and giving due notice.   9 *Johns. R.* 121 ; *Copeland* v. *Wadleigh,* 7 *Greenl.* 141 ; *Springer* v. *Bowdoinham,* 7 *Greenl.* 442.

The opinion of the Court was drawn up by

WESTON C. J. — The effect of the indorsement by the defendant on the note, adduced by the plaintiff, was a question of law, for the decision of the Court. The word, holden, must be understood to mean the assumption of a liability, without the condition of demand and notice, which is necessary to charge a common indorser. No other sensible construction can be given to the term, which must have been intended to have some meaning. The defendant now resists payment, insisting that he is not holden. By the indorsement however, he undertook to be holden, without imposing any conditions. He cannot be permitted therefore to interpose as a defence, the want of demand and notice.

*Exceptions sustained.*