## *GEORGE L. DRINKWATER *vs.* JOSHUA TEBBETTS.

If *notice* to the indorser of a negotiable note be expressly waived by him in writing, it does not dispense with the necessity of proving a *demand* upon the maker, or a waiver of such demand, to charge him; but parol evidence is admissible to prove the waiver.

Where such note was indorsed before it fell due, and it was then agreed between the indorser and indorsee, that the latter should forthwith inform the maker of the indorsement to him, and request that payment should be made when the note became due, and should wait six months after the time of payment before he should make costs upon the note, and it was done as agreed; this was held sufficient evidence of a waiver of demand.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

---

* SHEPLEY J. took no part in the decision, being employed in criminal trials at the time of the argument.

Drinkwater *v.* Tebbetts.

Assumpsit against the defendant as indorser of a note of the following tenor. " For value received, I promise to pay to *Joshua Tebbetts* or bearer, one hundred and thirteen dollars $\frac{60}{100}$, with interest, within three months after date. *Lee, Jan.* 21, 1835. *Alvah Tebbetts.*" On the back of the note was indorsed. " Holden without notice. *Joshua Tebbetts.*" On the trial the plaintiff, as the evidence to support his action, offered the note and the deposition of one *Witham*, who had purchased the note of *J. Tebbetts* before it was due, and afterwards put it to the plaintiff. *Witham* deposed, that when he bought the note of the defendant, the agreement between them was, that the deponent should forthwith inform the promisor, that he had bought the note, and that it must be paid when it became due ; and that if the note was not paid when it became due, the deponent was to wait until the next winter before he made costs on the note. He also stated, that he did forthwith give the information to *Alvah Tebbetts* as was agreed ; that in *June,* 1835, he saw the defendant, and told him that he had written to *Alvah Tebbetts* according to agreement, and that the note had not been paid ; and that the defendant then promised that he would write to *Alvah Tebbetts* immediately, and request him to pay the note, and thought that the money would come.

The counsel for the defendant objected, that the deposition did not prove a demand on the promisor after the note became due ; and that inasmuch as the agreement made at the time the note was indorsed was reduced to writing, it was not competent for the plaintiff to introduce proof of a parol agreement to waive a demand on the promisor, or to enlarge, alter or change that written contract ; and that if it were competent to introduce such proof, the deposition did not furnish sufficient legal and competent evidence of the fact. The Judge ruled, that evidence of waiver of demand might be given, and that the facts set forth in the deposition might be considered as amounting to a waiver, and that the plaintiff might thereupon recover. The verdict was for the plaintiff, and the defendant filed exceptions.

*D. & W. Goodenow,* for the defendant. A waiver of notice is not a waiver of demand. *Berkshire Bank* v. *Jones,* 6 *Mass. R.* 524. They are entirely distinct. A notice may be given through

the post-office, but a demand cannot be made in that way. *Whittier* v. *Graffam*, 3 *Greenl.* 82. Where the indorsement is filled up at the time it is made, no parol evidence is admissible to add to, change or alter it by showing what was said at that time. *Eaton* v. *Emerson*, 14 *Maine R.* 335. But if the parol evidence be admissible, it does not amount to a waiver of demand.

*A. Haines*, for the plaintiff. The liability of the indorser of a negotiable promissory note is conditional. 1. That a demand with the note in hand be made upon the maker on the day that the note falls due. 2. That notice of the demand, and of the maker's neglect to pay, be immediately given to the indorser. But these conditions, or either of them, may be waived by the indorser; and the waiver may be either express, or implied. *Jones* v. *Fales*, 4 *Mass. R.* 251; *Weld* v. *Gorham*, 10 *Mass. R.* 367; *Blanchard* v. *Hilliard*, 11 *Mass. R.* 88; *Boyd* v. *Cleveland*, 4 *Pick.* 525; *Taunton Bank* v. *Richardson*, 5 *Pick.* 436; *Gowan* v. *Jackson*, 20 *Johns. R.* 176; *Fuller* v. *M'Donald*, 8 *Greenl.* 213. The waiver of *notice* in the writing was the relinquishment of one of these conditions; and it is conceded, that it was not a waiver of the other. The conditions are independent of each other; one may be waived, and the other insisted upon; one may be waived at one time, and the other at another; one may be waived in writing, and the other by parol. The principle relied upon in defence is not applicable to this case. *Taunton Bank* v. *Richardson*, and *Fuller* v. *M'Donald*, before cited. The evidence contained in the deposition is sufficient to prove the waiver of a demand. 8 *Greenl.* 213; 4 *Pick.* 525; 5 *Pick.* 436, before cited; and *Martin* v. *Ingersoll*, 8 *Pick.* 1; *Pierson* v. *Hooker*, 3 *Johns. R.* 68.

The opinion of the Court was prepared by

WESTON C. J. — An indorsement in blank fixes upon the indorser a conditional liability, the legal obligation of which is well settled and ascertained. But the conditions implied may be waived or modified, of which parol proof is legally admissible. *Boyd & al.* v. *Cleaveland*, 4 *Pick.* 525; *Taunton Bank & al.* v. *Richardson & al.*, 5 *Pick.* 437, and *Fuller* v. *M'Donald*, 8 *Greenl.* 213, are authorities in point.

There is in the case before us, an express waiver of notice in writing. This did not dispense with the necessity of a demand by the holder upon the maker, to charge the indorser. Upon the face of the indorsement, that condition remained in full force. If a waiver of both the conditions may be proved by parol, we are aware of no good reason why that kind of proof should be excluded, to show a waiver of one condition, where a waiver of the other is made a part of the indorsement itself. It produces no greater change in the legal obligation of the contract.

Upon examining the deposition of *Elnathan Witham,* which is made a part of the case, it is fairly deducible from it, that the defendant waived the condition of a legal demand upon the maker. It was matter of agreement, that the maker should be notified in a particular manner, which is proved to have been done.

*Exceptions overruled.*