# CASES

# SUPREME JUDICIAL COURT

## COUNTY OF YORK, APRIL TERM, 1840.

---

## NOAH BURNHAM *vs.* EBENEZER WEBSTER.

A waiver by an indorser of a note of all right to *notice* does not excuse the holder from making a *demand* upon the maker.

The words " I hold myself accountable and waive all notice," written by the indorser of a note over his name, dispense with the necessity of notice to him, but do not excuse the omission of a demand upon the maker.

THE parties agreed to a statement of facts, from which it appeared that the action was assumpsit by the plaintiff as indorsee of a note, which was read to the jury, and of which a copy follows. " *Newbury Port, July* 10, 1835. Value received we promise to pay to the order of *Ebenezer Webster,* ten hundred and eighty dollars and fifty-nine cents in one year from date, with interest. $1080,59.                                    " *William Palmer.*
                                                    " *Samuel Phillips.*"

On the back of the note was the following indorsement.  " I hold myself accountable and waive all notice.

                                            " *Ebenezer Webster.*
                                            " *Daniel Burnham.*
                                            " *David Webster.*"

The signatures were admitted.   No demand was made on *Palmer* or *Phillips,* the makers of the note, and no notice of nonpayment was given to the defendant.   It was agreed, that if the

action could be maintained, the defendant was to be defaulted; and if not, the plaintiff was to become nonsuit.

*Leland* argued for the plaintiff. The Court will carry into effect the intentions of the parties when it can be discovered. *Willis* v. *Green*, 10 *Wend.* 516. The note was rightly given in evidence under the money counts. The intention here was, that the defendant should be accountable without demand or notice. 2 *Ld. Raymond*, 1396; *Josselyn* v. *Ames*, 3 *Mass. R.* 274; *Moies* v. *Bird*, 11 *Mass. R.* 438; *Sumner* v. *Gay*, 4 *Pick.* 311; *Hunt* v. *Adams*, 6 *Mass. R.* 519; *Cobb* v. *Little*, 2 *Greenl.* 261; 3 *Kent*, 75; *Baker* v. *Briggs*, 8 *Pick.* 122; *Ellsworth* v. *Brewer*, 11 *Pick.* 316; 7 *Wheat.* 35. "Eventually accountable," has been held to be a waiver of demand and notice. *McDonald* v. *Bailey*, 14 *Maine R.* 101.

*J. Shepley*, for the defendant. A waiver by an indorser of a note of all right to *notice* does not excuse the holder from making a *demand* upon the maker. *Bayley on Bills*, (*Ph. & S. Ed.*) 244, 245; *Berkshire Bank* v. *Jones*, 6 *Mass. R.* 524; *Backus* v. *Shepherd*, 11 *Wend.* 629; *Taunton Bank* v. *Richardson*, 1 *Pick.* 446. Nothing is waived but notice.

The opinion of the Court was by

SHEPLEY J. — The uniformity and certainty of the rules respecting the liability of parties on bills and notes are of such importance, that it is necessary to adhere to them, even when there may be doubts, whether the parties used language, to which the decided cases have attached a definite meaning, in the legal sense. The liability of an indorser being conditional only, the cases proceed upon the principle, that where the language qualifying the indorsement waives the whole of the conditions upon the performance of which the party is liable, the holder is excused from performing any part of them; but where a part of them only are waived, the courts will not presume, that the waiver was intended to extend to the whole; and the holder must prove performance of the part not expressly waived. Hence the words, "eventually accountable," and "holden," affording no indication, that a part only of the conditions were dispensed with, this Court has decided, that the indorser was liable without demand or notice. And it has long

been an established rule, that a waiver of all right to notice does not excuse the holder from making a presentment. *Bayley,* 244 and note. In this case there is a waiver of notice, but not of presentment, unless the words "I hold myself accountable," taken in connexion with the other words used, can be considered as dispensing with a presentment. The inquiry is suggested, how accountable? And the answer would seem necessarily to be, I waive all notice and hold myself accountable. This answer employs every word of the indorsement, only transposed, and gives to each its proper meaning. To give a different answer to the question and say, I hold myself accountable absolutely, would dispense with the words, "and waive all notice," giving to them no meaning. To answer, I waive all notice and demand, would be to give greater effect to the words, than the decided cases permit. The indorser may say, I did indeed waive all notice and held myself accountable, but I never did waive a presentment, and now insist upon it ; and the Court cannot consistently with the decided cases, deprive him of the right to make such an answer.

*According to the agreement, a nonsuit is to be entered.*