ABNER BAGLEY *versus* JOHN D. BUZZELL.

Where a note payable on demand, was transferred when over due by indorsement in these words, " accountable in eight months from the above date," being the date of the indorsement — and the indorsee at the same time gave back to the indorser a bond not to sue the maker in eight months; it was held, *that* the bond given was a collateral agreement to which the maker of the note was not a party, and that no extension of time was thereby given, and *that* the indorser was liable without demand or notice.

To sustain a valid agreement to give time to the maker of a note there must be an adequate consideration, otherwise the indorser is not discharged.

THIS was assumpsit against the defendant as indorser of a promissory note, dated August 14, 1837, for $1000, signed by Joseph Whitney, and payable to the defendant, or order, on demand, with interest.

The indorsement of the defendant was as follows : —

" November 27, 1837.

" Accountable in eight months from the above date.

" John D. Buzzell."

The plaintiff further proved by Sewall Waterhouse, that he took of Whitney, the maker of the note, on July 1, 1837, a conveyance of all his personal and a portion of his real estate, amounting in all to about $25,000, to secure a debt due from said Whitney to him and to the estate of the late Jabez Bradbury, and that soon after he took a conveyance of stocks to a large amount to secure him for what was due from said Whitney — that he informed plaintiff in June, 1839, that Whitney had no personal property, but that he had real estate by which the note could be secured and that the plaintiff offered to take a draft payable in Boston in three months — that witness told the plaintiff that Buzzell was discharged as indorser, to which he made no reply.

The defendant introduced a letter from the plaintiff to him, dated September 26, 1838, in which he advised him that he had written to Whitney more than five weeks since, urging the payment of his note, and had received no reply, and that he concluded he did not intend to pay it till compelled, and calling on the defendant as his indorser to pay the same — likewise a

bond from the plaintiff to the defendant, dated Nov. 27, 1837, the condition of which was as follows : — " that whereas, the above named John D. Buzzell, for a valuable consideration, has transferred by his indorsement to me, a certain note of hand," — here follows a description of the note declared on — " I, the said bound Abner Bagley bind myself, my heirs, executors," &c. &c. — " that I will not sue nor suffer to be sued, the above described note within eight months from the date of this obligation, and I, the said Abner Bagley, also agree and bind myself, my heirs," &c. &c., " to give up and deliver unto the said Buzzell, or his lawful attorney, the above described note, at any time within six months from this date, whenever the said Buzzell or his lawful attorney may or choose to procure and deliver unto the said Bagley, his heirs," &c., " a good negotiable note or notes, security or securities of the above named Whitney, for the sum of one thousand dollars, made payable to the said Bagley in eight months from this date, with interest, and by the said Buzzell, or his lawful attorney, also paying the full amount of interest that may accrue on one thousand dollars from the present time up to such time as he, the said Buzzell, or his lawful attorney may elect or choose to make such exchange of said notes as aforesaid. Now, if the said Bagley, does not sue nor suffer to be sued the said Whitney's note as herein described within eight months from the date of this obligation, and shall deliver unto the said Buzzell, or his lawful attorney, the same note aforesaid at any such time within six months as the said Buzzell or his lawful attorney may procure, and deliver unto the said Bagley, his heirs, &c., such other note or notes, security or securities of the said Whitney as before mentioned, then this obligation to be null and void — otherwise to remain in full force and virtue," &c.

There was likewise evidence introduced, tending to show, that after the liability of the defendant had become fixed, delay had been given to Whitney, but not by virtue of any binding contract to that effect.

There was other testimony offered and received subject to the objection on the part of the defendant's counsel, but as this

was considered by the Court immaterial, it has not been reported.

On the whole evidence, SHEPLEY J. who presided at the trial, intending to reserve the case for the full Court, directed a verdict for the plaintiff, upon which judgment is to be rendered, or the verdict is to be set aside and the plaintiff become nonsuit, by consent of parties, as the Court shall determine.

*Howard & Osgood,* for defendants. The defendant was an indorser and he is discharged because there was no demand on Whitney and notice to him at the expiration of the eight months. The letters and bond, which describes the note as transferred by indorsement," show that to have been his relation to the note — unless he in some way assumed new and different liabilities. Bayley on Bills, 411; *Copp* v. *McDugall,* 9 Mass. R. 1; *Hopkins* v. *Liswell,* 12 Mass. R. 52 ; *Josselyn* v. *Ames,* 3 Mass. R. 274; *Fuller* v. *McDonald,* 8 Greenl. 213.

The bond and writings connected with it, are to be construed as part of the contract. *Davlin* v. *Hill,* 2 Fairf. 434 ; *Eaton* v. *Emerson,* 2 Shepl. 335 ; *Phelps* v. *Foot,* 1 Conn. R. 387.

By the bond as connected with the indorsement, it is to be considered as a note due in eight months — and as a note not due till then, Buzzell was entiled to notice when it became due. The case of *Bean* v. *Arnold,* 16 Maine R. 251, was an assumption of immediate liability. Here the accountability was prospective and contingent — prospective as to time — contingent upon due demand on the maker, and notice to the indorser. Demand and notice are not waived, but only the time defined when the one is to be made and the other given — and to prevent an immediate demand and notice, which the holder would have a right to make and give.

Buzzell was not guarantee — and parol evidence was inadmissible to prove that fact. 2 Fairf. 434 ; 2 Shepl. 335, before cited. *Hunt* v. *Adams,* 6 Mass. R. 519; Bayley on Bills, 150.

The bond proves no guaranty. The insolvency of Whitney

furnishes no excuse for want of demand. Bankruptcy is no excuse. Bayley on Bills, 240.

*Longfellow*, contra. The note was indorsed when due, and the defendant by his indorsement was liable, unless paid by the time stipulated. *Cobb* v. *Little*, 2 Greenl. 261; *Upham* v. *Prince*, 12 Mass. R. 14; *Read* v. *Cutts*, 7 Greenl. 186; *Bean* v. *Arnold*, 16 Maine R. 251, settles the only question here raised in favor of the plaintiff. The bond given does not control or alter the indorsement — nor vary the responsibility originally assumed — which was in its terms absolute.

The opinion of the Court was delivered by

WESTON C. J. — Certain parts of the testimony adduced by the plaintiff, are objected to by the counsel for the defendant. We have not deemed it necessary to decide this point, being of opinion that whether in or out of the case, this testimony cannot affect our decision.

The liability of the defendant depends upon the terms of his indorsment. Had he prefixed to his name, on the back of the note, the word accountable only, it must have been regarded as a waiver of demand and notice. It could not have been distinguished in principle from the case of *Bean* v. *Arnold*, 16 Maine R. 251. The extension of the time when his liability was to attach, was the stipulation of a new quality or condition, which did not affect the waiver. The plain meaning as well as the legal effect of the language was, that the indorser held himself absolutely accountable to pay the note at the end of eight months. It has been insisted, that it was virtually a new note, and that the plaintiff was under a legal obligation to demand payment of the maker at the termination of the enlarged period. But notwithstanding the terms of the indorsement, the maker remained liable to pay on demand, according to his promise. There was nothing on the instrument to prevent the plaintiff from calling forthwith on the maker. The bond given by the plaintiff to the defendant, was a col-

lateral independent agreement, to which the maker was not a party.

It is urged, that the defendant is discharged, upon the ground that the plaintiff has given time to the maker. If this was done, it was long after the liability of the defendant had become fixed. There is no evidence of any binding agreement to this effect, on the part of the plaintiff, or of any legal consideration to sustain it. His correspondence with the maker shows, that he was very pressing from time to time for payment, but indicating a willingness to practice forbearance, upon the strong assurance of the maker, that he would pay within a limited time. Nothing more is deducible from the plaintiff's letter of the twelfth of Aug. 1839, upon which his counsel relies. *Judgment on the verdict.*