## KNIGHT *v.* KNIGHT.

The owner of a negotiable note payable to another party and not transferred by indorsement, sold and delivered it for value, indorsing upon it his name, with the addition of the words "Holden thirty days, May 16, 1842." It was *held* that he was liable to pay the note, on condition that demand was made on the maker and default notified within the thirty days, and not otherwise.

An action for money had and received does not lie on such an undertaking.

The consideration of such an undertaking need not be stated in writing to avoid the statute of frauds.

ASSUMPSIT. The first count alleged that the defendant, being owner of a certain promissory note made by one

Fifield November 8, 1841, for $94.83, payable to one Foster or order on demand with interest, on which $4.50 had on the 28th of March 1842 been paid and indorsed, did on the 16th day of May 1842, in consideration of $93.26, sell and deliver the note to the plaintiff, and by a memorandum on the back of the note, promised the plaintiff to pay him the amount of the same in thirty days, in consideration that the plaintiff would forbear for that time to collect it of Fifield; that he did so forbear, and that neither the defendant nor Fifield has paid the note.

The second count was upon the alleged promise of the defendant on the 16th of May 1842, in consideration of $93.26, to pay the plaintiff the amount of the note described.

The third count was for money had and received.

The fourth was for work and labor.

The fifth was like the second, except as it alleged a promise to pay the sum in thirty days.

The sixth alleging the defendant to have been the owner of the note and indebted to the plaintiff in the sum due thereon, that he sold and delivered it to him in payment; and in consideration that the plaintiff agreed so to receive it, the defendant promised to pay the amount so due upon it in thirty days, if Fifield the maker did not previously pay it.

The seventh count, reciting the ownership of the note and the indebtedness of the defendant as in the preceding, alleged that in consideration that the plaintiff discharged the defendant of such indebtedness, the defendant sold him the note and promised to pay him the amount in thirty days, if Fifield did not pay it.

It appeared that on the 16th of May 1842, the defendant owned and held a note like that described in the declaration, and was at the same time indebted to the plaintiff in a sum larger than that which remained due and unpaid upon the note, for goods sold, labor done, and

money paid. That to pay that sum, the defendant on that day sold and delivered the note to the plaintiff, and indorsed upon it these words: "Benja. Knight, holden 30 days, May 16, 1842." He also paid the balance of the debt, and the plaintiff signed and delivered to him a re-reipt in these words: "May 16, 1842. Rec'd of Benjamin Knight one dollar, in full of all demands against him to this date. JAMES KNIGHT."

The plaintiff on the 28th of May received $5 toward payment of the note, which he indorsed thereon, and on the 14th of June demanded payment of Fifield, of whose default he on the same day gave written notice to the defendant.

A verdict was by consent entered for the plaintiff, and the questions arising upon the case transferred to this court.

*W. C. Thompson*, for the plaintiff.

*Goodall & Morrison*, for the defendant.

WOODS, J. The exception to the verdict in this case is, that no one of the various counts in the declaration is supported by the evidence. It becomes necessary therefore to inquire what contract, if any, the defendant entered into by indorsing the note in the manner stated. The note was made by Fifield, payable to Foster or order, but without having been formally negotiated became the property of the defendant, and was in that condition transferred by him for value to the plaintiff. The indorsement accompanied the transfer, and with it constituted one transaction, by which a debt due from the defendant was paid. But although the paper had not been passed by indorsement to the defendant like a negotiable note, and could not therefore have been transferred in that manner to the plaintiff, so as to have enabled him to sue in his own name, without a prevenient act of the

payee, yet we are not to lose sight of the form and original design of the instrument as aiding in the construction of the contract appended to and indorsed upon it. In short, we can not avoid considering that the indorsement of the note by the payee, at the time of the sale of it by the plaintiff or afterward, would have impressed upon the defendant's indorsement the ordinary character and effect of an indorsement of negotiable paper. It seems reasonable to suppose that the parties might have contemplated that event.

We are therefore of the opinion that the true construction of the indorsement which the defendant entered upon the note, is that which holds him to substantially the same liability in regard to it, as would have attached if the note had been actually negotiable, and had passed, in the manner of such paper, by the acts of indorsement and delivery.

The cases of *Bean* v. *Arnold*, 16 Maine 251, and *Ulmer* v. *Reed*, 11 Maine 293, though not strictly in point, supply analogies which tend to confirm this opinion. In the former, an indorser of a negotiable note affixed the word "holden" to his name, and it was decided to have the effect of extending his liability beyond that of a common indorser. That by the use of the word he intended to make himself liable to a greater degree than resulted from his mere relation of indorser. In the latter case, one who signed as one of the original makers of a note appended to his name the words "surety ninety days," and was held to have limited his undertaking, and to be answerable only for the sufficiency of the principal during that period.

Had the indorsement in question contained words implying liability on the part of the defendant to the extent ordinarily pertaining to the indorser of a negotiable note payable on demand, the plaintiff would have been entitled to a time for demanding payment of the maker and giv-

Knight *v.* Knight.

ing notice to the defendant, which should under the circumstances of the case have appeared reasonable. The intention of the parties clearly was, to define the rights of both in this particular, and to fix the time at thirty days, beyond which no act could be done to fix the defendant's liability.

Such seems to us to be the fair import of the agreement, and the intention of the parties.

There was no undertaking for the default of another, required by the statute of frauds to be put in writing. It was the debt of the defendant himself, founded upon a consideration proceeding from his personal dealings with the plaintiff. *Allen* v. *Thompson*, 10 N. H. 32.

No one of the plaintiff's counts meets the case thus presented. The special counts all set up a different contract from the one which we think is proved by the evidence. The general counts might have reached the case of the original debt, had it not been paid by the sale and delivery of the note. The applicability of the count for money had and received, to the ordinary cases of indorsee against the prior parties to negotiable paper, is founded upon reasons which do not obtain in a case of mere conditional guarantee as the present is, and can not therefore be maintained. The verdict must therefore be set aside and a

*New trial granted.*