## Furber v. Caverly.

In an action to recover of the defendant, as indorser, the amount of two promissory notes, negotiated to the plaintiff for a good consideration before they became due, each note having on the back the words, "Alfred Caverly, accountable," it appeared that there was no demand on the signers, who failed to pay the notes, and no notice to the indorsers before suit.—*Held*, that, under this form of indorsement, the defendant had waived demand and notice.

Assumpsit. The plaintiff, as indorsee, claims to recover of the defendant, as indorser, the amount of two promissory notes; both dated September 20, 1855, each for the sum of $337.50, and payable to Alfred Caverly, or order, with interest annually; one payable on the first day of September, 1857, the other on the first day of September, 1859; both notes signed by Oliver Libbey and James H. Davis.

It was admitted that both notes were indorsed to the plaintiff for a good consideration, before they became due, by said Caverly, on the back of each in manner following: viz., "Alfred Caverly, accountable."

There was no demand on the signers, and no notice to the indorser.

The court ruled that the plaintiff was not bound to show demand or notice, and that the defendant had waived the same under the form of his indorsement; to which ruling the defendant excepted. A verdict was taken for the plaintiff for the amount of both notes, which the defendant moves to set aside.

*Wheeler & Hall*, and *Christie*, for the plaintiff, referred to *Bean* v. *Arnold*, 16 Me. 251; *Blanchard* v. *Wood*, 26 Me. 358; *McDonald* v. *Bailey*, 14 Me. 101; *Burnham* v. *Webster*, 17 Me. 50; *Drinkwater* v. *Tebbets*, 17 Me. 16; *Bayley* v. *Buzzell*, 19 Me. 88; *Seabury* v. *Hungerford*, 2 Hill 80; *Bradford* v. *Corey*, 5 Barb. 461.

*Sawyer & Wiggins*, for the defendant, commented upon

Furber *v.* Caverly.

the authorities quoted by the plaintiff's counsel, and referred to *Creamer* v. *Perry*, 17 Pick. 332; *Perkin* v. *Graham*, 1 Cr. & Mees. (Exch.) 725; *Berkshire Bank* v. *Jones*, 6 Mass. 524 ; *Bank* v. *Slason*, 13 Vt. 334; *Sage* v. *Wilcox*, 6 Conn. 81; *Baker* v. *Birch*, 3 Camp. 107; 11 East 113; *Gore* v. *Moore*, 9 Law Rep. 115; *Pierce* v. *Whitney*, 29 Me. 189; *Bunker* v. *Webster*, 17 Me. 50 ; *Lawrence* v. *Langley*, 14 N. H. 70; *Otis* v. *Hussey*, 3 N. H. 346; *Farrington* v. *Brown*, 7 N. H. 271; *Carter* v. *Burbank*, 9 N. H. 572; *Merrimack County Bank* v. *Brown*, 12 N. H. 325; Chitty on Bills, ch. 10, sec. 1; *Free* v. *Hawkins*, 8 Taunt. 92; *Buck* v. *Johnson*, 1 Harr. 397 ; *Union Bank* v. *Hyde*, 6 Wheat. 572.

NESMITH, J. This action is brought to recover the amount of two negotiable promissory notes, signed by Oliver Libbey and James H. Davis, and made payable to the defendant, and by him indorsed to the plaintiff before they became due, and for a good consideration. They were indorsed on the back of each note by the defendant, and under his name the word "accountable" was subscribed. At the maturity of the notes, the signers did not pay them. No demand was made upon the makers, and no notice of their non-payment was given to the defendant, as indorser.

If the defendant had agreed or intended to have indorsed the notes in blank, when they were transferred to the plaintiff, the law would have given him the benefit of the condition that he should not be made liable until after due proof that the holder of the notes had seasonably and in due form made his demand of payment upon the makers, and then given notice to the indorser of their non-payment. *Lawrence* v. *Langley*, 14 N. H. 70. But the plaintiff alleges that the defendant, having received of him a good consideration for the notes in question, did intentionally undertake with him to waive the condition

to which by law he would be entitled under a blank indorsement, in order to incur the liability of payment, and did unconditionally assume the obligation to pay them when they became due, if not discharged by the signers, and did intend to express such assent by the employment of the word "accountable" as significant of his meaning. The indorser of paper, under circumstances like these, not unfrequently is required by the indorsee to make his contract, so as to dispense with demand and notice. Upon the payment of a full price for the paper by the indorsee, there does not appear to be any urgent reason why he should be put to the additional trouble and expense, and the risks attendant upon procuring a legal demand and notice.

It is fair to presume that the plaintiff here was seeking nothing more than the benefit of a rule adopted and acted upon by prudent, cautious, commercial and business men. The employment of apt, or the most appropriate terms to carry out the meaning of the parties is not always realized. The word "accountable" here was the defendant's own language. One of our familiar elementary rules of construction, applicable to all contracts, is that the language employed must be construed in its popular sense, and most strongly against him that uses it. Had not the plaintiff reasonable grounds to expect, upon receiving these notes thus indorsed, that the defendant would, according to the legitimate meaning of the word "accountable," as interpreted by our best lexicographers, be "subject to pay," "responsible," "or liable for," or make good the amount of said notes as soon as they became due and payable, without subjecting the plaintiff to a previous demand upon the makers? The court should, if possible, carry out the intents of the promisor, as received and acted upon by the promisee. The plaintiff has, doubtless, acted upon the belief that there was an actual waiver of demand and notice, which was so intended originally by

Furber *v.* Caverly.

the indorser; otherwise, he would, as a prudent man, bound to protect his interests, have made his security good by making seasonable demand, and giving due notice of non-payment to the defendant. The defendant must have intended to have conferred some advantage upon the plaintiff by this mode of indorsement, beyond what could be implied by a mere blank indorsement. No fair force or effect can be given to the word here employed short of the defendant refunding or making good the money advanced by the plaintiff under the contract; the signers of the notes having failed to make due payment thereof. Chief Justice Shaw, in *Creamer* v. *Perry*, 17 Pick. 332, lays down a just rule. He says : " The rules, in regard to notice and waiver, should be held with some strictness, in order to insure uniformity of practice, and regularity in their application. The law should be certain, practical and uniform, as well as reasonable, equitable and intelligible."

We submit that a reasonable, practical, equitable and intelligible rule applied here will require the defendant to respond to this claim. And the word used here must mean "accountable," without the necessity of a previous demand and notice, and such was the obvious intention of the parties thereto. The case *Blanchard* v. *Wood*, 28 Me. 358, is strongly in point. There the indorsement on the note was, "P. W., holden for the within note." The action was against the indorser, and he was charged for its amount, and without proof of demand and notice. The case *Bean* v. *Arnold*, 16 Me. 251, is also authority to this point. There the note, in fact, was over-due when indorsement was made. It was "W. A., holden, Aug. 11, 1836." There was no demand and notice, and the indorser was charged. See, also, *Burnham* v. *Webster*, 17 Me. 50; *Drinkwater* v. *Tebbets*, 17 Me. 16; *Bayley* v. *Buzzell*, 19 Me. 88.

We think, therefore, there should be

*Judgment on the verdict.*