## MILLS *et al. v.* BEARD *et al.*

WHERE a party, assuming to act as agent for the payee and indorser of a note, waived demand and notice for his principal, and was the only person from whom a knowledge of the transaction could be obtained: *Held*, that he is *ex necessitate* a competent witness for the holder of the note in suit against the maker and indorser.

In such cases the fact of interest does not exclude the witness, his competency constituting an exception to the general rule of exclusion on the ground of interest.    .

Where an agent, on behalf of his principal, the indorser of a note, indorsed upon the note, on the day of its maturity, a waiver of *notice of nonpayment: Held*, that it was competent to prove by the agent a verbal waiver of *demand* also ; that where demand and notice are both waived in one agreement, but the waiver of the latter only is reduced to writing, the waiver of the former may be proved by parol.

APPEAL from the Sixth District.

Suit upon two promissory notes made by Beard to the order of Mesick, and by him indorsed in blank.

On the trial, plaintiffs, after introducing the notes, offered as a witness J. L. English, who stated on his *voir dire* that he acted for Mesick in making the waivers found on the notes ; whereupon de-

fendant objected to the witness, on the ground that he was inter-
ested to sustain his own acts, and to bind defendant.   Overruled,
defendant excepting.   The witness then testified in substance that
he was an attorney at law, and member of the firm of Edwards &
English; that Mesick, who was a client of that firm, applied to him,
English, to get some of his friends to discount the notes sued on,
both of which were dated July 10th, 1856, and payable, the one
on the first of September, and the other on the fifteenth of October
following; that he accordingly went to the banking house of D. O.
Mills & Co., plaintiffs, and upon witness' representation that Mesick
was perfectly solvent, they agreed to discount the notes and directed
witness to send Mesick to the bank; that in a day or two Mesick
called at the bank, and the notes were taken by plaintiffs; that
Mesick then left for the Atlantic States; that subsequently, when
the first note fell due, witness was passing the bank and plaintiffs
called him in, saying that Beard would not pay the note and they
would have to protest it; that witness told them that if Mesick had
to pay the note, he would not wish to incur the expense of a pro-
test, and that he, witness, would assume the responsibility on behalf
of Mesick to instruct plaintiffs not to protest the note, and that he
would accept for him a waiver of notice of nonpayment; that he
then stepped into plaintiffs' banking house and indorsed on the note
the following words: "I hereby accept notice of nonpayment.
Sept. 4th, 1856.   Wm. S. Mesick, by his attorneys, Edwards &
English;" that nothing was said on the subject of presentation—
protesting would include a demand; that when the second note fell
due, substantially the same conversation took place between witness
and plaintiffs, and that witness then indorsed on that note the fol-
lowing: "Notice of nonpayment waived, October, 1856.   Wm. S.
Mesick, by his attorneys, Edwards & English;" that two weeks
after the second note became due, Mesick returned from the east,
and on being told by witness of his acts relative to the protest, rat-
isfied them, saying that he, witness, had done right; that the money
on the notes was for Mesick's benefit; that he, witness, had no ex-
press authority at the time he made the waiver for Mesick to do so.

Defendant objected to so much of the above evidence as tends to
show that "there was a concurrent understanding that *demand* was

also waived, on the ground that the writing must be taken to embody the whole transaction, and was not capable of such addition by parol," etc.    Overruled, defendant excepting.    Judgment for plaintiffs against defendant Mesick.    He appeals.

*R. S. Mesick,* for Appellant, to the point that English was incompetent as a witness for plaintiffs without their release, and was not within the exception as to agents, cited Story's Agency, sec. 264; 1 Greenl. Ev. secs. 393, 396, 417, 411, subd. 3; *Shiras* v. *Morris,* 8 Cow. 60; 1 Phil. Ev. 107; *Woods* v. *Skinner,* 6 Paige, 81; *Scott* v. *Jester,* 8 Eng. 444–5; *Edmonds* v. *Lowe,* 15 Eng. C. L. 203, 263; *Scott* v. *McClellan,* 2 Greenl. 199; *Christy* v. *Smith,* 23 Vt. 663; *Swearingen* v. *Field,* 1 Dana, 388; *Fuller* v. *Wheelock,* 10 Pick. 137; 3 Camp. 317; *Sage* v. *Sherman,* 25 Wend. 426; and to the point that parol evidence was inadmissible to prove a demand, *Conner* v. *Clark,* 12 Cal. 171.

*Winans,* for Respondents.

I    English was competent under the general rule as to the competency of agents as witnesses *ex necessitate.*    (1 Greenl. Ev. secs. 416, 417 and cases; 10 S. & R. 257; 5 Cal. 291–3.)    And the fact of interest would not disqualify.

II.    But in this case the interest of the witness is balanced; for if he had authority to waive the protest, he would be liable neither to plaintiffs nor to Mesick, while if he had none (even though in that event liable to plaintiffs in case of their failure to sustain this action) he would be equally liable to Mesick, if plaintiffs should succeed therein.    That the witness would be liable in one case for the notes only, and in the other for the notes and costs, makes no difference.    (*Birt* v. *Kirshaw,* 2 East. 458; *Lowber* v. *Shaw,* 5 Mason, 241; 7 Term, 480.)

III.    It was competent to prove by English the waiver of demand.    The written waiver of notice of nonpayment is distinct from a waiver of demand, and the fact that one was reduced to writing did not prevent plaintiffs from proving the other by parol. (*Tibbetts* v. *Drinkwater,* 17 Me.; *Lane* v. *Stewart,* 20 Id. 98; 21 Id. 426; *Union Bank* v. *Hyde,* 6 Whea. 572.)

Mills *v*. Beard.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

English was a competent witness for the plaintiffs. His interest in the result of the controversy, if he had any, was not sufficient to exclude him. The dispute related to matters in which he acted in the capacity of agent, and he was the only person from whom a knowledge of the transaction could be obtained. His testimony was admissible, *ex necessitate;* and we understand the competency of an agent in such cases to be well settled. His competency has always been regarded as constituting an exception to the rule of exclusion on account of interest. This exception has been so often recognized by the Courts, and is so well understood by the profession generally, that we do not consider it necessary to elaborate the point. The authorities upon the subject are cited in the notes to Phillips on Evidence (4 Am. Ed. 3 vol. 106).

Parol evidence was properly admitted to prove a waiver of demand upon the maker for the payment of the notes in suit. The indorsement upon the notes embraced but one branch of the agreement, and there was nothing improper in showing that fact by parol. The evidence introduced for that purpose did not contradict or vary the terms of the written statement. Demand and notice were both waived, and in respect to the latter the waiver was reduced to writing. As to the former, it rests entirely in the verbal understanding of the parties. Its validity is unquestionable, and no error was committed in allowing it to be proved. The case of *Drinkwater* v. *Tebbetts* (17 Me. 16) is directly in point. "There was," said the Court, " an express waiver of notice in writing. This did not dispense with the necessity of a demand by the holder upon the maker to charge the indorser. Upon the face of the indorsement that condition remained in full force. If a waiver of both the conditions may be proved by parol, we are aware of no good reason why that kind of proof should be excluded, to show a waiver of one condition, where a waiver of the other is made a part of the indorsement itself. It produces no change in the legal obligation of the contract."

Judgment affirmed.